UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TEKELEC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>VERINT® SYSTEMS INC.,<br><br>　　　　Defendant. | CASE NO.:<br><br>JURY TRIAL DEMANDED |

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Tekelec ("Tekelec") hereby alleges for its Complaint against defendant Verint® Systems Inc. ("Verint"), on personal information as to its own activities and on information and belief as to the activities of others, as follows:

THE PARTIES

1. Plaintiff Tekelec is a corporation organized under the laws of the State of California, with its principal place of business located at 5200 Paramount Parkway, Morrisville, North Carolina 27560. Tekelec is a global provider of communication network software and systems that enable its customers to deliver an array of communications services including voice, text messaging, and mobile data services.

2. On information and belief, Verint® Systems Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business located at 330 South Service Road, Melville, New York 11747. Verint is in the business, *inter alia*, of marketing and selling software and services to capture and analyze data and information sources, such as voice, video, and unstructured text.

## JURISDICTION AND VENUE

3. This is a civil action for breach of contract. This Court has jurisdiction over the claim for breach of contract pursuant to 28 U.S.C. § 1332(a) because Plaintiff Tekelec is a citizen of the State of California and Defendant Verint is a citizen of the State of Delaware.

4. This Court has jurisdiction over the claim for breach of contract pursuant to 28 U.S.C. § 1332(b) because the amount in controversy between the parties exceeds $75,000.

5. Venue is proper in this Court pursuant to the parties' express agreement as stated in Section 8.1 of the "Confidential Settlement and Cross-License Agreement." The parties expressly agreed that any disputes related to the Agreement should be filed in the United States District Court for the Sherman Division of the Eastern District of Texas.

## BACKGROUND

### IEX and Blue Pumpkin Settle Their Claims in the April 2006 Settlement Agreement

6. In January 2001, IEX Corporation ("IEX") filed suit against Blue Pumpkin Software, Inc. ("Blue Pumpkin") in the United States District Court for the Eastern District of Texas, Sherman Division, alleging that certain of Blue Pumpkin's products infringe IEX's patent (the "Texas Action").

7. In October 2005, Blue Pumpkin LLC filed suit against IEX in the United States District Court for the Northern District of Georgia, Atlanta Division, alleging that certain of IEX's products infringe Blue Pumpkin LLC's patent (the "Georgia Action").

8. In December 2005, IEX and Blue Pumpkin entered into a settlement agreement resolving both the Texas Action and the Georgia Action. The final "Confidential Settlement and Cross-License Agreement" (the "April 2006 Settlement Agreement") was executed by the parties on April 6, 2006. Both the Texas Action and the Georgia Action were dismissed with prejudice.

9. The April 2006 Settlement Agreement requires, among other things, that Blue Pumpkin pay to IEX a sum total divided into six annual payments beginning on April 1, 2007.

April 2006 Settlement Agreement § 6.1.2. The settlement amount is confidential, but each annual payment exceeds the jurisdictional amount in controversy of $75,000.

10. The April 2006 Settlement Agreement expressly contemplated an assignment of the right to receive these royalty payments to Tekelec. April 2006 Settlement Agreement § 6.1.2.

11. The April 2006 Settlement Agreement also expressly states that the royalty payments are non-refundable. April 2006 Settlement Agreement § 6.4.

12. The April 2006 Settlement Agreement provides that the law of the State of Texas shall apply. April 2006 Settlement Agreement § 8.1.

**IEX Assigns its Royalty Right to Tekelec in the July 2006 Assignment**

13. In July 2006, IEX assigned all of its right to receive the royalty payments under the April 2006 Settlement Agreement to Tekelec in the Assignment of Royalty Rights Agreement (the "July 2006 Assignment").

14. The July 2006 Assignment states that Assignor IEX "shall not terminate the [April 2006] Settlement Agreement without Assignee's [Tekelec's] prior written consent until such time as the License Fees have been paid in full to Assignee [Tekelec]." July 2006 Assignment § 4.

15. No request has ever been made to Tekelec to terminate the April 2006 Settlement Agreement, nor has Tekelec ever provided its written consent to the termination of the April 2006 Settlement Agreement.

16. Further, the July 2006 Assignment expressly states that IEX's parent corporation, NICE Systems Ltd. ("NICE"), agreed that IEX may assign its right to receive royalty payments under the April 2006 Settlement Agreement to Tekelec.

17. On information and belief, Verint acquired Blue Pumpkin in 2005.

18. Verint made royalty payments to Tekelec as required by the Settlement Agreement in April 2007, 2008 and 2009.

19. On information and belief, in or about May 2007, Verint acquired Witness Systems, Inc., successor by assignment to Blue Pumpkin under the Settlement Agreement.

**Verint Breaches of the April 2006 Settlement Agreement When It Refuses to Pay Tekelec**

20. By letter dated April 6, 2010, Verint informed Tekelec it is no longer obligated to pay the remaining royalty payments (due in April 2010, April 2011, and April 2012) due under the Settlement Agreement. The settlement amount is confidential, but each annual royalty payment due exceeds the jurisdictional amount in controversy of $75,000. In this letter, Verint claimed that, in August 2008, Verint and NICE entered into an agreement to settle and dismiss certain patent disputes (the "NICE/Verint Agreement") and, as a result, Verint no longer owed royalty payments under the Settlement Agreement.

21. Although Tekelec has requested the NICE/Verint Agreement to assess Verint's claims, this agreement has not been provided to Tekelec.

**Tekelec is Entitled to Recover Reasonable Attorney's Fees and Costs**

22. By letter dated May 11, 2010, Tekelec provided notice of its breach of written contract claim and presented Verint with a claim for the April 2010 royalty payment past due and owing, as well as a courtesy copy of this Complaint. Because Verint refused to pay the just amount owed under the contract, Tekelec has been forced to retain counsel and pursue its legal remedies.

23. Therefore, if Verint should refuse to pay the full amount owed within 30 days of the date of Tekelec's May 11 letter and if Tekelec should recover on its valid claim for breach of written contract, then Tekelec shall be entitled to recover reasonable attorney's fees and costs associated with the lawsuit pursuant to Texas Civil Practice and Remedies Code §§ 38.001(8) and 38.002, and other appropriate statutes and rules.

## COUNT 1:  BREACH OF CONTRACT
### (April 2006 Settlement Agreement)

24. Tekelec incorporates the allegations of paragraphs 1-23 as though fully set forth herein.

25. The April 2006 Settlement Agreement between IEX Corporation and Blue Pumpkin Software, LLC (now Verint) is valid and subsisting.

26. The July 2006 Assignment of Royalty Rights Agreement between IEX Corporation and Tekelec is valid and subsisting.

27. To date, Tekelec has performed all the obligations under the April 2006 Settlement Agreement required by it to be performed.

28. Despite Tekelec's performance, Verint has materially breached the express terms of the April 2006 Settlement Agreement, as described above, in several ways. First, Verint failed to make the royalty payment to Tekelec due on April 1, 2010. Second, Verint has breached the contract by anticipatory repudiation when it indicated that it would not make the royalty payments to Tekelec each due on April 1, 2011 and April 1, 2012. Finally, Verint has breached the contract when it asked that the royalty payment to Tekelec made on April 1, 2009 be refunded.

29. As a direct result of Verint's material breaches of the April 2006 Settlement Agreement, Tekelec has suffered damages in an amount to be proved at trial. The specific amount owed is confidential, but each annual royalty payment due exceeds the jurisdictional amount in controversy of $75,000.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tekelec requests the entry of a judgment in its favor and against Defendant as follows:

(a) Judgment that Verint has materially breached the April 2006 Settlement Agreement;

(b) Award to Tekelec of damages in an amount adequate to compensate Tekelec for any and all damages resulting from Verint's breach of the express terms of the April 2006 Settlement Agreement, and interest on that amount;

  (c) Award to Tekelec of its attorney's fees and costs pursuant to Texas Civil Practice and Remedies Code §§ 38.001(8) and 38.002; and

  (d) Award such other relief as the Court deems proper.

Dated:  May 11, 2010      Respectfully submitted,

By: _____
M. Craig Tyler (Lead Attorney)
State Bar No. 794762
ctyler@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, Texas 78746-5546
Voice:  512-338-5400
Facsimile: 512-338-5499

**ATTORNEYS FOR PLAINTIFF TEKELEC**